

FILED

MAR 11 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARI WEINER,<br>Plaintiff, | ) |
| v. | ) 1:20-cv-01737 |
| | ) Judge John Z. Lee |
| HARRIS & HARRIS, LTD.<br>Defendant. | ) Magistrate Judge Gabriel A. Fuentes |

**COMPLAINT**

INTRODUCTION

Congress enacted a law protecting the confidentiality of customer proprietary network information, setting forth certain privacy requirements for disclosure. 47 U.S.C. § 222(c). Congress also enacted a law prohibiting the use of deceptive means by debt collectors to attempt to collect any debt or to obtain information concerning consumers. 15 U.S.C. § 1692e(10). In the instant action, Plaintiff complains that a debt collector knowingly obtained information concerning Plaintiff through an intermediary which information was in fact customer proprietary network information obtained from a telecommunications carrier and used that information to attempt to collect a debt. The specific factual allegations which inform Plaintiff's claim of Defendant's use of deceptive means are outlined *infra*.

Plaintiff initiates this individual action to compensate Plaintiff for his injuries and to deter Defendant and others similarly situated from engaging in similar unlawful conduct in the future so as to curb abusive debt collection practices

by debt collectors and level the playing field for those debt collectors who refrain from engaging in abusive debt collection practices.

PARTIES

1. Plaintiff Ari Weiner ("Plaintiff") is an individual of majority age and a citizen and resident of the State of Illinois. Plaintiff resides in Cook County in the Eastern Division of the Northern District of Illinois.

2. Defendant Harris & Harris, Ltd. ("Defendant") is a for profit corporation duly incorporated under the laws of the State of Illinois and is a debt collector as defined under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Defendant conducts business in and its corporate office is located in Cook County in the Eastern Division of the Northern District of Illinois.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692(k)(d).

4. Venue is proper in this District and Division because Plaintiff resides in this District and Division, Defendant conducts business in and is domiciled in this District and Division and, upon information and belief, substantial acts and omissions giving rise to the instant complaint occurred in this District and Division.

FACTUAL ALLEGATIONS

5. Defendant's principal business purpose is the collection of debts.

6. "Proximity-to-Transact" is a technology platform that combines geolocation data with address databases to provide "who/where/when" authentication information

to financial institutions and payment platforms to combat fraud and identity theft.

7. "Proximity-to-Transact" (or similar) technology achieves this result through the conveyance of customer propriety network information to financial institutions and payment platforms using proprietary algorithms.

8. "Proximity-to-Transact" (or similar) technology is not intended to convey customer propriety network information to companies for marketing, skip-tracing or debt collection purposes.

9. Upon information and belief, Defendant knows that "Proximity-to-Transact" (or similar) technology is not intended to convey customer propriety network information to companies for marketing, skip-tracing or debt collection purposes.

10. Most unsophisticated consumers are unfamiliar with the use of "Proximity-to-Transact" (or similar) technology.

11. Upon information and belief, Defendant knows that most unsophisticated consumers are unfamiliar with the use of "Proximity-to-Transact" (or similar) technology.

12. A consumer who is unfamiliar with the use of "Proximity-to-Transact" (or similar) technology can not approve of the use of customer propriety network information obtained using said technology by companies for marketing, skip-tracing or debt collection purposes.

13. Upon information and belief, Defendant knows that a consumer who is unfamiliar with the use of "Proximity-to-Transact" (or similar) technology can

not approve of the use of customer propriety network information obtained using said technology by companies for marketing, skip-tracing or debt collection purposes.

14. Upon information and belief, telecommunications carriers only intend that customer propriety network information disclosed using "Proximity-to-Transact" (or similar) technology be used by financial institutions and payment platforms to combat fraud and identity theft, not by companies for marketing, skip-tracing or debt collection purposes.

15. Upon information and belief, Defendant knows that telecommunications carriers only intend that customer propriety network information disclosed using "Proximity-to-Transact" (or similar) technology be used by financial institutions and payment platforms to combat fraud and identity theft, not by companies for marketing, skip-tracing or debt collection purposes.

16. Upon information and belief, Defendant utilizes an online skip-trace service to obtain information concerning consumers.

17. Upon information and belief, Defendant, one or more times, between February 11, 2020 and the filing of this complaint, obtained information concerning Plaintiff from its online skip-trace service.

18. Upon information and belief, the information that Defendant obtained concerning plaintiff described in ¶17 is in fact customer proprietary network information obtained from a telecommunications carrier.

19. Upon information and belief, Defendant knows that the information described in ¶17 that Defendant obtained concerning plaintiff is in fact customer proprietary network information obtained from a telecommunications carrier.

20. Upon information and belief, the information Defendant obtained concerning Plaintiff described in ¶17 was obtained using "Proximity-to-Transact" (or similar) technology.

21. Upon information and belief, Defendant knows that the information Defendant obtained concerning Plaintiff described in ¶17 was obtained using "Proximity-to-Transact" (or similar) technology.

22. Upon information and belief, Defendant used the information it obtained described in ¶17 in order to attempt to collect a debt form Plaintiff.

23. Plaintiff did and does not approve of Defendant's use for debt collection purposes of the information described in ¶17.

24. Upon information and belief, Defendant knows that Plaintiff did and does not approve of Defendant's use for debt collection purposes of the information described in ¶17.

25. Telecommunications carriers do not disclose customer proprietary network information to debt collectors.

26. Defendant knows that telecommunications carriers do not disclose customer proprietary network information to debt collectors.

27. Plaintiff's telecommunications carrier would not provide Plaintiff's customer proprietary network information directly to Defendant because Defendant is a debt collector.

28. Upon information and belief, Defendant knows that Plaintiff's telecommunications carrier would not provide Plaintiff's customer proprietary network information directly to Defendant because Defendant is a debt collector.

29. Upon information and belief, Defendant knowingly obtained information concerning Plaintiff from its online skip-trace service which was in fact Plaintiff's customer proprietary network information obtained from Plaintiff's telecommunications carrier which information was procured through the use of "Proximity-to-Transact" (or similar) technology.

30. Upon information and belief, Defendant knowingly used it online skip-trace service as an intermediary to conceal from Plaintiff's telecommunications carrier the principal nature of Defendant's business—debt collection—in order to gain access to Plaintiff's customer proprietary network information.

31. Upon information and belief, Defendant's concealment of the principal nature of its business as described in ¶30 to contravenes the approval of consumers, the will of Congress and the intent of network carriers.

32. Upon information and belief, Defendant knows that Defendant's concealment of the principal nature of its business as described in ¶30 to contravenes the approval of consumers, the will of Congress and the intent of network carriers.

33. Plaintiff is and was alarmed and distressed by Defendant's conduct.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(e)(10)

34. Plaintiff restates and realleges all preceding paragraphs.

35. Defendant is a debt collector as defined by 15 U.S.C § 1692(a)(6).

36. Defendant used deceptive means to obtain information concerning Plaintiff.

37. Defendant used deceptive means to attempt to collect a debt concerning Plaintiff.

38. Plaintiff was damaged as a result of Defendant's conduct.

## PRAYER FOR RELIEF

39. Plaintiff restates and realleges all preceding paragraphs.

40. Plaintiff seeks compensatory damages in an amount to be proven at trial.

41. Plaintiff seeks additional statutory damages in the amount of $1,000.00.

42. Plaintiff seeks any and all other remedies available at law including any applicable costs, any applicable fees and any other just relief this Court may order.

Respectfully Submitted,

Ari Weiner
400 E Randolph St
Ste 3028
Chicago, IL 60601
(312) 590-7149
aw4501@sbcglobal.net

03/11/2020